IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE DOYON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 18-0224** |
| YVAN DOYON, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Steve Doyon, a resident of Maryland, has sued his brother Yvan Doyon, a resident of Vermont, who is also proceeding *pro se*, alleging a single count of slander *per se*. Defendant has filed a Motion to Dismiss for lack of personal jurisdiction. ECF No. 5. For the reasons that follow, the Court will **GRANT WITHOUT PREJUDICE** Defendant's Motion (ECF No. 5).

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a dispute over a limited liability company engaged in maple syrup farming, of which the parties are the two sole members.

In 2011, Plaintiff, a resident of Prince Frederick, Maryland, purchased a parcel of land to establish a maple syrup farm in the State of Vermont. ECF No. 1 ¶ 2. He approached Defendant who, as the Complaint reads, resides in Vermont, about investing in the business and together they formed the Monadnock Mtn Vt Maple Syrup, LLC, which maintains its principal place of business in Vermont. *Id.*; *see also* ECF No. 1-3.

Eventually, the business relationship turned sour. In early 2016, Defendant filed a suit against Plaintiff in Vermont Superior Court in Essex County, alleging that Plaintiff had misused

1

and embezzled funds from the business. ECF No. 1 ¶ 3. According to the Complaint in the present suit, the parties hired a private accounting firm to conduct a financial review of the business, which ultimately revealed that Plaintiff had invested monies in the business but had not received a financial gain from his investment. *Id.* Despite this finding, Plaintiff says Defendant continued to claim Plaintiff embezzled funds. *Id.*

On January 25, 2018, Plaintiff filed the present Complaint in this Court. He alleges that Defendant has made "damaging and slanderous statements" about him to "individuals residing in the communities of northeastern Vermont and northern New Hampshire." *Id*. ¶ 1. Plaintiff asserts that he has spoken to acquaintances in Defendant's community who confirm they have heard from other community members that Defendant was saying Plaintiff "stole" company funds. *Id.* ¶¶ 14-16. Additionally, Plaintiff alleges that Defendant falsely stated to several individuals that the Vermont court had found Plaintiff guilty of embezzling $200,000, despite the fact that final court action has yet to occur in the case. *Id.* ¶¶ 3, 15.

Plaintiff, who is currently an employee of the Federal Bureau of Investigation in Washington, D.C., claims that Defendant's statements have precluded him from applying for a higher-paying position within the agency. *Id*. ¶ 20. He seeks damages in the amount of $200,000.

On March 13, 2018, Defendant filed a Motion to Dismiss for lack of personal jurisdiction. ECF No. 5. Plaintiff opposes the Motion. ECF No. 6.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. When a non-resident defendant challenges a court's power to exercise jurisdiction, it is a question for the judge "with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy*

*Ctrs. Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993)). Where, as here, a district court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *See Grayson v. Anderson*, 816 F.3d 262, 267.69 (4th Cir. 2015). Furthermore, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *See Brooks v. Motsenbocker Advanced Developments, Inc.*, 242 F. App'x 889, 890 (4th Cir. 2007).

A federal court in a diversity case may exercise personal jurisdiction over a non-resident defendant if: (1) the exercise of jurisdiction is authorized under the state's long-arm statute; and (2) the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan,* 259 F.3d 209, 215 (4th Cir. 2001). "The Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Carefirst*, 334 F.3d at 396-97 (citations omitted).

Consistent with due process, a court may subject non-resident defendants to judgment only when defendants have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington.*, 326 U.S. 310, 316 (1945). If the claims "arise out of or are connected with the activities within the state," *id*. at 319, then those contacts may establish specific jurisdiction.[1] The Court considers: "(1) the extent to which the defendant has purposefully availed itself of the

---

[1] If general jurisdiction exists, the claim need not arise out of the contacts with the state. However, to establish general jurisdiction, the defendant's activities in the state "must have been 'continuous and systematic.'" *Carefirst*, 334 F.3d at 397 (citation omitted). Because it is not alleged that Defendant has continuous and systematic contacts with Maryland, the only issue to decide is that of specific jurisdiction.

privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.3d at 397.

### III.   ANALYSIS

Defendant submits that the Court lacks personal jurisdiction over him because he is a non-resident who has not visited Maryland in more than fifteen years. ECF No. 5 ¶¶ 5-6. Because he maintains no contacts with Maryland and because the Complaint asserts a cause of action for conduct occurring solely in Vermont, Defendant argues the Complaint must be dismissed. *Id.* ¶¶ 7-9.

Plaintiff does not dispute Defendant's assertions that he does not live or conduct business in Maryland. Nor does Plaintiff dispute that the activity which he alleges Defendant engaged in occurred outside of Maryland. Rather, Plaintiff argues personal jurisdiction exists because the harm caused by Defendant's actions was felt by him in Maryland. Specifically, Plaintiff says that because Defendant knew that Plaintiff lived in Maryland and was well aware that his statements would have a direct impact on Plaintiff's ability to obtain a promotion, Defendant directed his conduct to Maryland. ECF No. 6 ¶¶ 4-5.

The Court concludes that Plaintiff has failed to make a *prima facie* showing that personal jurisdiction over Defendant exists. Indeed, the Court cannot find a single contact Defendant maintains with Maryland, let alone "minimum contacts" with the State such that jurisdiction would be constitutionally reasonable. Defendant lives in Vermont and conducts no business in Maryland. All of the alleged defamatory statements were made outside of Maryland to individuals who reside either in Vermont or New Hampshire. The business that this dispute centers around is principally located in Vermont and is already the subject of a pending civil

lawsuit in Vermont. Plaintiff's contention that Defendant knew the harm he supposedly caused would be felt in Maryland is far too tenuous of a "contact" to justify hailing an out-of-state defendant into this Court.

In sum, Plaintiff has alleged nothing that suggests Defendant has purposefully availed himself of the privilege of conducting activities in Maryland or that Defendant has directed his conduct to Maryland. Accordingly, the Complaint must be dismissed for lack of personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**April 20, 2018**